UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELISSA M.,[1]

        Plaintiff,

        v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

2:24-cv-00528-JR

OPINION & ORDER

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability and social security benefits. Plaintiff asserts disability beginning May 17, 2017, due to seizure disorder, depression, anxiety, chronic migraines, memory loss, sleep disorder, vertigo, and hormone imbalances. Tr. 255. Plaintiff's applications were denied initially and upon reconsideration, and plaintiff requested a hearing before an

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

Administrative Law Judge (ALJ). Tr. 145-152, 155-162. In April 2023, an ALJ found plaintiff was not disabled. Tr. 15-38. The Appeals Council denied review, and this appeal followed. Tr. 1-6.

Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons for discounting plaintiff's symptom testimony, failing to consider the medical opinion of J. Sirucek, D.O., and failing to properly consider the lay witness testimony of Sam Martin, Tina Davidson, Tyrel Walker, Aimee Emery, and Evelynn Carroll.

A.    Plaintiff's Symptom Testimony

Plaintiff argues the ALJ failed to provide clear and convincing reasons supported by substantial evidence in discounting her symptom testimony. Pl. Br. at 11; *see Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)* (an ALJ must offer clear and convincing reasons for rejecting a claimant's testimony about their symptom severity). Specifically, plaintiff alleges the ALJ improperly evaluated her testimony as to the frequency and severity of her migraines and seizures. Pl. Br. at 4-12. In plaintiff's view, if the ALJ had properly evaluated her symptom testimony, plaintiff would meet or equal the criteria for Listings 11.02(A) and 11.02(B) and would thus be disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1526(b)(2)-(3); 416.920(a)(4)(iii), 416.926(b)(2)-(3). However, as discussed below, the Court disagrees with plaintiff's interpretation, because the ALJ provided clear and convincing reasons supported by substantial evidence for discounting plaintiff's testimony.

The ALJ did not err in finding plaintiff does not meet Listing 11.02(A) or 11.02(B) at step three. Listing 11.02(A) specifies that a person must experience generalized tonic-clonic seizures at least once a month for at least three consecutive months, despite adherence to prescribed treatment; 11.02(B) specifies that a person must experience dyscognitive seizures at least once a week for at least three consecutive months, despite adherence to prescribed treatment. 20 C.F.R.

Page 2 – OPINION & ORDER

Pt. 404, Subpt. P, app. 1, 11.02(A)-(B). The only evidence plaintiff offers to support meeting the frequency and duration requirement of either 11.02 listing is her subjective testimony. However, as further discussed below, the ALJ properly discounted plaintiff's subjective complaints. Moreover, even if plaintiff were to sufficiently prove that she meets the frequency and duration requirements for either 11.02 listing, she cannot show that she did so while compliant with medical treatment. As discussed below, plaintiff has not been compliant with medical treatment for any consistent period, and thus does not meet all of the requirements for either 11.02(A) or 11.02(B). The ALJ's conclusions are a reasonable reading of the record and are supported by substantial evidence.

The ALJ discounted plaintiff's testimony, in part, because plaintiff's treatment history was inconsistent with her symptom testimony. Tr. 29. For example, the ALJ pointed out that, although plaintiff attested to having "very unpredictable" seizures, up to "seven clusters a day," the medical evidence showed plaintiff frequently referred to her seizures as predictable or "like clockwork," coinciding with her menstrual cycle. Tr. 296, 310, 317, 441, 740, 741, 744, 774, 967, 975-76, 1324, 1516, 1542. In 2021, plaintiff told providers during her second pregnancy that she does not take anti-seizure medications because she only gets seizures when pregnant. Tr. 963, 967. Thus, she explained that she does not need anti-seizure medication when not pregnant and refused to take the medication during pregnancy. *Id*.

Additionally, the ALJ pointed out that plaintiff was frequently noncompliant with treatment and treatment recommendations. Tr. 30, citing Tr. 842-849, 974, 1519. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (an ALJ may consider an unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment when assessing a claimant's symptom testimony). Indeed, plaintiff's records show that she refused

Page 3 – OPINION & ORDER

medical treatment for her seizures even to the point where she was dismissed by her primary care physician for "noncompliance," and her neurologist declined to see her unless she started taking her anti-seizure medication. Tr. 801-802, 824; *see also* Tr. 432, 596, 617, 767-68, 769-70, 772, 774, 778, 781-83, 792, 801-02, 807, 829, 854. Although plaintiff provided some explanations for her noncompliance, the record also shows plaintiff consistently failed to follow up on referrals and refused to follow specific courses of treatment without explanation. *See, e.g.*, Tr. 596-97, 849. Thus, the ALJ's reasons for discounting plaintiff's testimony are discernable, and the ALJ did not err in discounting plaintiff's subjective symptom testimony.

B.     Medical Opinion Evidence

Plaintiff argues the ALJ failed to consider the supportability and consistency of the medical opinion of Joshua Sirucek, D.O. Pl. Br. at 14. For disability applications filed after March 27, 2017, an ALJ is must consider the supportability and consistency of all medical opinion evidence. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions[.]" 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); *see also Rodin v. Comm'r of Soc. Sec.*, 2023 WL 3293423, at \*12 (E.D. Cal. May 5, 2023) ("the revised regulations now more narrowly define as [medical opinion] a statement from a medical source about what a claimant can still do despite impairments, and whether the claimant is functionally restricted in the demands of work activities such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions").

In August 2022, Dr. Sirucek provided a medical release form to the Oregon Department of Health and Human Services regarding the plaintiff's ability to participate in the State's Job Opportunities and Basic Skills program. Tr. 1452-53. Dr. Sirucek checked "no" in response to

questions regarding whether plaintiff could participate in job-building activities such as job search training, life skills training, and work experience training. *Id*. Dr. Sirucek explained that plaintiff's "epilepsy makes [these] service[s] unrealistic if not unsafe at this time." *Id*. The ALJ did not address Dr. Sirucek's medical release form in her decision.

The Commissioner now argues the ALJ was not required to evaluate the supportability and consistency of Dr. Sirucek's medical release form because it is not a medical opinion, as defined by the regulations. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). The Court agrees that the form provided by Dr. Sirucek is not a medical opinion because it does not articulate any work-relevant functional limitations. For example, Dr. Sirucek offers no specific limitations as to plaintiff's physical capabilities; he makes no mention of her ability to stand, walk, lift, carry, push, pull, or whether she has postural or manipulative restrictions. Nor does he address plaintiff's ability to understand, remember, or maintain concentration, persistence, and pace. Instead, Dr. Sirucek offers broad statements that plaintiff's epilepsy makes participation in career and life skills training services unsafe. Such conclusory statements, without more, are not sufficient to meet the requirements of a relevant work limitation, and by extension, a medical opinion. Thus, the medical release form provided by Dr. Sirucek does not qualify as a medical opinion, and the ALJ was not required to evaluate its supportability and consistency.

C.   Lay Witness Testimony

The ALJ did not articulate how she evaluated the lay witness statements provided by plaintiff's friends and family. However, an ALJ is "not required to articulate how [she] considered evidence from nonmedical sources" under the new regulations. 20 C.F.R. §§ 404.1520c(d), 416.920c(d); *see also Kennedy v. O'Malley,* 2024 WL 242992 (9th Cir. 2024) (same). Nevertheless, even assuming this was error, any such error was harmless because the lay witness

Page 5 – OPINION & ORDER

testimony was similar to plaintiff's own subjective complaints, and the ALJ provided clear and convincing reasons for discounting plaintiff's subjective testimony. *See Valentine v. Comm'r of Soc. Sec.,* 574 F.3d 685, 694 (9th Cir. 2009) (because the ALJ provided clear and convincing reasons for rejecting the plaintiff's own subjective complaints, it follows that the ALJ also gave germane reasons for rejecting similar lay testimony). Nothing in the statements from plaintiff's family and friends would alter any of the ALJ's conclusions regarding plaintiff's treatment history and medical noncompliance.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED. The Clerk is directed to enter a judgment accordingly.

DATED this 2nd day of December, 2024.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge